# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0468V
(not to be published)

| | |
|---|---|
| MICHELLE FRANCESCHI,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Andrew Donald Downing*, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.

*Martin Conway Galvin*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Michelle Franceschi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered on September 14, 2020. Petition at 1. On March 27, 2023, I issued a decision, awarding compensation to Petitioner based on Respondent's proffer.  ECF No. 47.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $23,284.35 (representing $10,384.00 for fees and $547.44 in costs related to work

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

performed at Petitioner's counsel's former law firm, Van Cott & Talamente, LLC; and $12,301.00 in fees and $51.91 in costs related to work performed at Petitioner's counsel's current law firm, Downing, Allison, & Jorgenson). Motion for Final Attorneys' Fees and Costs, filed Mar. 29, 2023, ECF No. 49. In accordance with General Order No. 9, counsel for Petitioner represents that he incurred no out-of-pocket expenses. *Id.* at 7.

Respondent reacted to the motion on April 5, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 51. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests attorney's fees based upon the following hourly rates related to work performed at Petitioner's counsel's former law firm, Van Cott & Talamente, LLC: for attorney Andrew D. Downing - $385 for time billed in 2020-21 and $415 for time billed in 2022; for attorney Courtney Jorgenson[3] - $275 for time billed in 2020-21 and $325 for time billed in 2022; and for paralegals Robert W. Cain and Danielle P. Avery - $135 for time billed in 2020-22. ECF No. 49-1 at 1-20. Furthermore, Petitioner requests attorney's fees based upon the following hourly rates related to work performed at Petitioner's counsel's current law firm, Downing, Allison & Jorgenson: for attorney Andrew D. Downing - $445 for time billed in 2022-23; for attorney Ann Allison - $415 for time billed in 2022; for attorney Courtney Jorgenson - $345 for time billed in 2022; and for paralegals Alex Malvick and Danielle Avery - $155 for time billed in 2022-23. *Id.* at 30-34.

All hourly rates for work performed at Van Cott & Talamente, LLC have previously been awarded for the 2019-2022 time period, and I find no reason to deviate from them. Additionally, I find the 2022 rate of $415 for work performed by Ms. Allison and the 2023 rate of $155 for work performed by paralegals at Petitioner's current law firm, Downing, Allison, & Jorgenson, to be reasonable.

However, the requested 2022 rates for Mr. Downing, Ms. Jorgenson, and paralegals Mr. Malvick and Ms. Avery for work performed at Downing, Allison, & Jorgenson are inconsistent with rates that have been previously awarded for their work, and reflect mid-year rate increases of $30 for Mr. Downing, $20 for Ms. Jorgenson, and $20 for the two paralegals. *See Einweck v. Sec'y of Health & Hum. Servs.*, No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022); *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022) (awarding rate of $415 and $325 respectively, for time billed in 2022). The size of the proposed increases are not *per se* objectionable, but it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances. I shall therefore reduce the

---

[3] Billing records related to work performed at Van Cott & Talamente, LLC, refer to Ms. Jorgenson by her maiden name Courtney Van Cott. ECF No. 51-1 at 4-7, 25. I will refer to her solely by her current married name: Courtney Jorgenson, throughout this Fee Decision.

3

requested 2022 rates for Mr. Downing and Ms. Jorgenson to those which were previously awarded. This reduces the amount of attorney's fees to be awarded by **$291.00**.[4]

For 2023 hourly rates, Petitioner requests $445 for Mr. Downing - representing a rate increase of $30 and $155 for paralegals Mr. Malvick and Ms. Avery – representing a rate increase of $20. ECF No. 49-1 at 32-34. I find these hourly rates to be reasonable, and will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred).

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs, except for $10.47 for postage and copying costs. ECF No. 49-1 at 18-29, 34-36. I will, however, allow these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$22,993.35 (representing $22,394.00 in fees and $599.35 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Andrew D. Downing.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of ($445 - $415 = $30 x 3.3 hrs. = $99.00) + ($345 - $325 = $20 x 7.2 hrs.= $144.00) + ($155 - $135 = $20 x 2.4 hrs. = $48) = $291.00.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.